## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEVEN RAY WILSON, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 03-CV-0143-CVE-PJC ) |
| MIKE MULLINS, | ) ) |
| Respondent. | ) |

### OPINION AND ORDER

Before the Court is Petitioner's 28 U.S.C. § 2254 amended petition for writ of habeas corpus (Dkt. # 5). Petitioner challenges his conviction entered in Tulsa County District Court, Case No. CF-02-423. Respondent filed a response (Dkt. # 12) to the amended petition. Petitioner filed a reply (Dkt. # 13) to Respondent's response. For the reasons discussed below, the Court finds the amended petition should be denied.

### *BACKGROUND*

On May 17, 2002, Petitioner, represented by attorney Ron Daniels, entered a plea of no contest in Tulsa County District Court, Case No. CF-2002-423, to possession of marijuana, second offense (Count 1).[1] Petitioner was sentenced to three (3) years imprisonment and assessed a fine of $500. The trial court advised Petitioner of his right to appeal. However, Petitioner did not move to withdraw his no contest plea during the ten-day period following pronouncement of his Judgment and Sentence and did not otherwise perfect a *certiorari* appeal.

Petitioner filed an application for an order nunc pro tunc which the state district court construed as an application for post-conviction relief. In his application, Petitioner claimed that a

---

[1] Count 2 (Destruction of Evidence) and multiple counts in a companion case, No. CF-2002-144, were dismissed.

faulty information was filed in his case and the statute was not construed liberally. See Dkt. # 5, Ex. C. The request for post-conviction relief was denied by order filed November 14, 2002. (Id.) Petitioner filed a post-conviction appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). By order filed January 7, 2003 (Dkt. # 5, Ex. D), the OCCA affirmed the denial of post-conviction relief.

On February 3, 2003, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1) in the United States District Court for the Eastern District of Oklahoma. By Order filed February 26, 2003, the matter was transferred to this District Court. See Dkt. # 1. By order filed March 5, 2003 (Dkt. # 4), the Court directed Petitioner to file an amended petition. The amended petition (Dkt. # 5) was filed on March 24, 2003. In his amended petition, Petitioner asserts he was convicted under a faulty information where the state used an improper conviction for enhancement purposes and the statute under which Petitioner was convicted does not allow for use of his prior conviction to enhance his sentence. He further argues that his plea was not knowingly and intelligently made because he was not advised of the correct range of punishment. In response to the petition (Dkt. # 12), Respondent asserts that Petitioner's claims are procedurally barred and he is not entitled to relief under 28 U.S.C. § 2254(d).

## *ANALYSIS*

**A.     Exhaustion/Evidentiary Hearing**

Respondent states that Petitioner has satisfied the exhaustion requirement of 28 U.S.C. §2254(b) for federal habeas corpus review. The Court agrees. In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B. Procedural bar**

The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds, unless a petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985. A finding of procedural default is an adequate state ground if it has been applied evenhandedly "'in the vast majority of cases.'" Id. (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir. 1991)).

As indicated above, Petitioner presented his claims to the state courts in his application for post-conviction relief, filed as an application for an order nunc pro tunc to correct his sentence. The state district court found that Petitioner had been advised of his right to appeal, took no steps to file a timely appeal, and offered no reasons for his failure to do so. Finding that Petitioner had waived the issues presented, the state district court denied relief on Petitioner's claims. See Dkt. # 5, Ex. C. On post-conviction appeal, the OCCA affirmed the denial of post-conviction relief, finding as follows:

> We agree with the District Court's finding that Petitioner is not entitled to the requested relief. The Post-Conviction Procedure Act is not a substitute for a direct appeal, nor is it intended as a means of providing a Petitioner with a second direct appeal. *Fowler v. State*, 1995 OK CR 29, ¶2, 896 P.2d 566, 569; *Maines v. State*, 1979 OK CR 71, ¶4, 597 P.2d 774. A claim which could have been raised on direct appeal, but was not, is waived. *Fowler*, 1995 OK CR 29 at ¶2, 896 P.2d at 569; *Fox v. State*, 1994 OK CR 52, ¶2, 880 P.2d 383, 384-85; *Johnson v. State*, 1991 OK CR 124, ¶4, 823 P.2d 370, 372, *cert denied*, 504 U.S. 926, 112 S. Ct. 1984, 118 L.Ed.2d

3

>582 (1992). . . . Petitioner's application contains no information indicating why he failed to either withdraw his plea or directly appeal his conviction in this matter, and therefore the issues presented in his application for relief are waived.

See Dkt. # 5, Ex. D at 2-3. It is clear that the OCCA applied a procedural bar in affirming the denial of post-conviction relief.

Respondent contends that this Court should uphold the procedural bar imposed by the state courts. The Court agrees with Respondent that Petitioner's claims are procedurally barred. The OCCA's procedural bar was an "independent" state ground because Petitioner's failure to comply with state procedures "was the exclusive basis for the state court's holding." Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995). The Court also finds that the bar imposed by the OCCA on Petitioner's claim was based on state law grounds adequate to preclude federal review. See Cannon v. Gibson, 259 F.3d 1253, 1269 (10th Cir. 2001).

As a result of the procedural bar, this Court may not consider Petitioner's claims unless Petitioner is able to show "cause and prejudice" for the default, or demonstrate that a fundamental miscarriage of justice would result if his claims are not considered. See Coleman v. Thompson, 501 U.S. 722, 750 (1991); Demarest v. Price, 130 F.3d 922, 941-42 (10th Cir. 1997). The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of

4

the crime of which he was convicted. See Murray v. Carrier, 477 U.S. 478, 495-96 (1986); McCleskey v. Zant, 499 U.S. 467, 494 (1991).

Petitioner attempts to assess blame for his procedural default on his trial attorney when he states in his amended petition that he informed his attorney of his desire to appeal but the attorney "stated that he could not appeal a guilty plea." See Dkt. # 5 at 2. It appears that Petitioner did not raise this argument in his state court proceedings as both the district court and the OCCA indicated that Petitioner offered no excuse for his failure to file an appeal.[2] In the event, however, that he did assert in his state court proceeding that his attorney was the cause for his procedural default, the Court finds the claim is refuted by the record and is, for that reason, without merit. The record reflects that Petitioner acknowledged at his plea hearing that he understood his rights to an appeal. (Dkt. # 5, Ex. F at 16-17). Furthermore, he circled "yes" to the question whether he understood his appeal rights on the "Findings of Fact - Acceptance of Plea" entered in his state court proceedings. (Dkt. # 12, Ex. C). The "Findings of Fact - Acceptance of Plea" was signed by Petitioner just a few lines below the lengthy paragraph describing Petitioner's rights to appeal his plea and notifying him that he must file a written application to withdraw his plea withing ten (10) days. See id. at 6.

According to the Supreme Court, "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing."

---

[2] The Court has not been provided a copy of Petitioner's application for an order nunc pro tunc and bases this assumption on the rulings of the state district court and OCCA. See Dkt. # 5, Ex. C, D.

Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000). Although Petitioner indicates his attorney told him he did not have a right to appeal, he does not state that he asked his attorney to file an appeal for him. The record reflects that, contrary to his assertion in the petition before the Court, Petitioner was fully and correctly advised of his rights to appeal. See Dkt. # 5, Ex. F at 16-17 and Ex. C.  The Tenth Circuit Court of Appeals has determined that where a defendant is convicted on a plea of guilty and does not indicate to his attorney an intention to appeal, "[a]n attorney has no absolute duty in every case to advise a defendant of his limited right to appeal after a guilty plea.  Failure to notify the defendant of this limited right is not in itself ineffective assistance." Laycock v. New Mexico, 880 F.2d 1184, 1187-88 (10th Cir. 1989) (citations omitted).  Counsel has a duty to inform the defendant of the limited right to appeal from a guilty plea only "if the defendant inquires about an appeal right," or "[i]f a claim of error is made on constitutional grounds, which could result in setting aside the plea." Id. at 1188; see also Hardiman v. Reynolds, 971 F.2d 500, 506 (10th Cir. 1992) (stating that counsel has a duty to inform the defendant of his appeal rights based on error of constitutional magnitude if "counsel either knows or should have learned of his client's claim or of the relevant facts giving rise to the that claim").

In this case, the record demonstrates that despite being informed by the trial court of his right to appeal and the procedures to follow to perfect an appeal, Petitioner failed to file an application to withdraw his plea or to perfect a *certiorari* appeal following his conviction on his plea of no contest.  Petitioner presents nothing to indicate that his attorney had any reason to know of an error of constitutional magnitude or that Petitioner desired to withdraw his plea.  As a result, the Court finds that Petitioner has failed to establish cause for his procedural default through his unsupported claim that his attorney misinformed him about his appeal rights.

Petitioner also attempts to overcome the procedural bar issue by arguing in his reply that the state courts misinterpreted the Oklahoma post-conviction statute and misapplied the procedural bar (Dkt. # 13). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Petitioner's argument is concerned solely with matters of state law and does not excuse the procedural default of his claims.

Petitioner makes no showing or argument that his procedural default should be excused due to a fundamental miscarriage of justice. Accordingly, because Petitioner has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result, the Court concludes that it is procedurally barred from considering the merits of Petitioner's claims. Coleman v. Thompson, 510 U.S. 722, 724 (1991). Habeas corpus relief shall be denied.

### *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his amended petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the amended petition for writ of habeas corpus (Dkt. # 5) is **denied**. A separate Judgment shall be entered in this case.

**IT IS SO ORDERED** this 20th day of March, 2006.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT